UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JENNIFER RAVAIN<br>*individually, and on behalf of her*<br>*minor child, J.R.* | CIVIL ACTION |
| VERSUS | NO: 21-2365 |
| OCHSNER MEDICAL CENTER<br>KENNER, LLC, ET AL. | SECTION: "A" (4) |

### ORDER AND REASONS

This matter is before the Court upon Defendant Ochsner's removal of a state court action pursuant to 28 U.S.C. § 1441. Plaintiff has filed an opposition to Defendants' motions to dismiss pending before the Court. (Rec. Doc. 12). In Plaintiff's opposition, she presents a challenge to the Court's jurisdiction over this matter, which we are obligated to investigate. For the reasons stated below, this action is REMANDED to the state court from which it was removed for lack of subject matter jurisdiction.

**I.     BACKGROUND**

Plaintiff Jennifer Ravain, individually and on behalf of her minor child, J.R., initiated this action in state court against Ochsner Medical Center Kenner, LLC ("Ochsner"), Jefferson Parish School Board ("JPSB"), and East Jefferson High School ("EJHS"). This suit arises out of an incident that occurred on October 20, 2021, wherein Ms. Ravain's 16-year-old child, J.R., was administered a COVID-19 vaccine by Ochsner at his high school, EJHS. (Rec. Doc. 1-1, State Court Petition). According to the petition, when J.R. arrived at the Ochsner mobile vaccine unit stationed at EJHS, he was given a consent form and told to sign his name where a minor's parents would be required to sign. (*Id.* at

p. 2). J.R. was allegedly under the impression that he was signing up for the vaccine and that it would be scheduled at a later time, as he wanted to investigate and discuss the issues with his mother first. (*Id.*). Instead, the vaccine was immediately administered. (*Id.*).

Ms. Ravain alleges that, because J.R. was 16 at the time of the incident, he did not have the legal capacity to consent to the vaccine and that, by administering a foreign substance into the body of a minor without legal consent, Ochsner has committed the intentional tort of battery upon J.R. (*Id*. at p. 9). Ms. Ravain further alleges that Defendants JPSB and EJHS are liable for the battery because JPSB failed to ensure that Ochsner would adhere to the law regarding consent and EJHS failed to take proper precautions or implement proper procedures to protect minor children in its custody from being administered the COVID-19 vaccine without proper consent. (*Id.* at p. 10). Ms. Ravain alleges that Defendants' failure to obtain her consent prior to administering the vaccine inflicted extreme emotional distress on her. (*Id.*).

As a result of the "intentional and/or negligent actions of Defendants" Ms. Ravain claims the following damages: loss of parental right to direct the medical care of her minor child; past, present, and future emotional distress over the fear of possible side effects and adverse events to her son; and punitive damages for the intentional and egregious actions of Ochsner in not obtaining parental consent to administer the vaccine to a minor in derogation of Louisiana law. (*Id.* at p. 11). Ms. Ravain claims the following damages on behalf of J.R.: past, present, and future emotional distress caused by the battery and by the fear of possible side effects and adverse events from the vaccine. (*Id.*).

On December 22, 2021, Ochsner, with the consent of JPSB, removed the case to

this Court based on federal question jurisdiction as set forth in 28 U.S.C. § 1331.[1] (Rec. Doc. 1, Notice of Removal). No other basis for original subject matter jurisdiction is alleged. Ochsner alleges that federal question jurisdiction exists over the matter pursuant to the complete-preemption doctrine. (*Id.* at p. 2). According to Ochsner, all three requirements for complete preemption are present in the Public Readiness and Emergency Preparedness Act (PREP Act) and the scope of this preemption encompasses Plaintiff's claims. (*Id.* at p. 4). To the extent that any of Plaintiff's claims are not covered by PREP Act preemption, Ochsner asserts that the Court possesses supplemental jurisdiction over those claims. (*Id.* at p. 6).

Defendants Ochsner, JPSB, and EJHS subsequently filed two motions to dismiss (Rec. Docs. 10 & 11), moving for the dismissal of Plaintiff's claims pursuant to Fed. R. Civ. Proc. 12(b)(6).[2] In response, Plaintiff filed an Opposition and Incorporated Motion to Remand (Rec. Doc. 12), arguing that the Court lacks subject matter jurisdiction because Plaintiff's claims do not arise under federal law. Specifically, Plaintiff urges that the petition does not allege a federal cause of action, that the PREP Act only provides a defense of immunity and is not an essential element of Plaintiff's state law claims, and that the PREP Act is not a complete preemption statute. (*Id.*).

In a joint reply, Defendants argue that Plaintiff's objection to removal on the basis of procedural impropriety, which was asserted in opposition to the motions to dismiss and not in a remand motion, is untimely, and therefore has been waived. (Rec. Doc. 16 at p.

---

[1] Ochsner maintains that JPSB and EJHS were not properly served or joined and that, therefore, their consent for removal was not required. (Rec. Doc. 1 at p. 6). However, Ochsner states that JPSB's consent was obtained in an abundance of caution. (*Id.* at p. 7; Rec. Doc. 1-5).

[2] In Defendants JPSB and EJHS's Motion to Dismiss (Rec. Doc. 11), they adopt in full, as their own, Defendant Ochsner's Motion to Dismiss and the memorandum of law in support of the motion (Rec. Docs. 10 & 10-1).

2). Defendants further assert that federal question jurisdiction exists in this matter because the complete-preemption doctrine clearly applies. (*Id.* at pp. 3–5).

As an initial matter, the Court notes that Plaintiff's argument in favor of remand is based on a lack of subject matter jurisdiction, rather than procedural impropriety. And, although procedural defects to removal must be raised by a motion to remand within 30 days after the notice of removal is filed, the 30-day deadline does not apply to subject matter jurisdiction defects. *See* 28 U.S.C. § 1447(c).[3] Further, federal courts have an independent obligation to determine whether subject matter jurisdiction exists. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 547, 583 (1999)). The question of subject matter jurisdiction can never be waived. *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985). Nor can jurisdiction be conferred by conduct or consent of the parties. *Id.* Thus, even if no motion to remand is filed, the Court has a duty to *sua sponte* question jurisdiction. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (citing *Kidd v. Southwest Airlines, Co.*, 891 F.2d 540, 546 (5th Cir.1990)). We now address whether removal of this action was proper.

## II.     LEGAL STANDARD

Generally, a defendant may only remove a case to federal court if the plaintiff could have originally filed the case there. 28 U.S.C. § 1441(a). The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it. *St. Paul*

---

[3] Section 1447(c) states in part that:

> A motion to remand the case on the basis of any defect **other than lack of subject matter jurisdiction** must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c) (emphasis added).

*Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (citing *Gaitor v. Peninsular & Occidental S.S. Co.,* 287 F.2d 252, 253–54 (5th Cir.1961)). Any ambiguities as to the law and/or facts alleged in support of jurisdiction are construed against removal because the removal statute should be strictly construed in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir.2000)).

Federal district courts have original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First National Bank,* 299 U.S. 109, 112–13 (1936)). The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law. *Id.*

In support of federal question jurisdiction, Defendants characterize Plaintiff's petition as one asserting Louisiana tort claims that are preempted by the PREP Act. The complete-preemption doctrine is an independent corollary to the well-pleaded complaint rule. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987). It creates federal jurisdiction if Congress, by statute, "completely pre-empt[s] a particular area [such] that any civil complaint raising [the] select group of claims is necessarily federal in character." *Mitchell v. Advanced HCS, L.L.C.*, 28 F.4th 580, 585 (5th Cir. 2022) (quoting *Metro. Life Ins. Co.*, 481 U.S. at 63–64)(citing *GlobeRanger Corp. v. Software AG*, 691 F.3d 702, 705 (5th Cir. 2012)). That happens when a federal law creates an "exclusive cause of action" and "set[s] forth procedures and remedies governing that cause of action," such that it

"wholly displaces the state-law cause of action." *Id.* (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003)).

The complete-preemption corollary is narrow. *Manyweather v. Woodlawn Manor, Incorporated*, 40 F.4th 237, 243 (5th Cir. 2022). To establish complete preemption, Defendants must show that: "(1) the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law; (2) there is a specific jurisdictional grant to the federal courts for enforcement of the right;" and (3) there is a clear congressional intent that the federal cause of action be exclusive. *Mitchell*, 28 F.4th at 585 (citing *Gutierrez v. Flores*, 543 F.3d 248, 252 (5th Cir. 2008)). Once those conditions are met, the party invoking federal jurisdiction must show that the plaintiff "could have brought" her state-law claims under the federal cause of action. *Id.* (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004). If so, they are completely preempted.

### III.   DISCUSSION

Defendants contend that the PREP Act completely preempts Plaintiff's state-law claims. The Act contains a broad grant of immunity for covered persons from suits and liability "for loss[es] caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure." *Mitchell*, 28 F.4th at 586 (quoting 42 U.S.C. § 247d-6d(a)(1)). These protections only apply, however, if the Secretary of the Department of Health and Human Services makes a declaration through the Federal Register, identifies a current or impending public health emergency, identifies covered countermeasures like vaccines and treatments, states the immunity provision is in effect, and meets other statutory requirements. *Id.* (quoting 42 U.S.C.

§ 247d-6d(b)). For most who suffer an injury that falls under the immunity provision, "the sole remedy is compensation" from a fund administered by the Secretary. *Id*; *see also* 42 U.S.C. § 247d-6e(a).

The Act states only one exception to this immunity: A claimant may sue "a covered person for death or serious physical injury proximately caused by [that person's] willful misconduct." 42 U.S.C. § 247d-6d(d)(1). The United States District Court for the District of Colombia has exclusive jurisdiction to adjudicate these willful-misconduct claims, but only after the claimant has exhausted administrative remedies. *Id.* § 247d-6d(d)(1)–(e)(1). The exception is substantively narrow. The Act defines willful misconduct as "an act or omission that is taken (i) intentionally to achieve a wrongful purpose; (ii) knowingly without legal or factual justification; and (iii) in disregard of a known or obvious risk that is so great as to make it highly probable that the harm will outweigh the benefit." *Id.* § 247d-6d(c)(1)(A). Willful misconduct is a "more stringent" standard of liability than is "recklessness" or any "standard of negligence." *Id.* § 247d-6d(c)(1)(B).

We turn now to the question of whether the PREP Act preempts Plaintiff's claims in this case. A liberal reading of Plaintiff's petition reveals state-law claims of negligence and intentional torts. The Fifth Circuit recently held that the PREP Act "does not completely preempt . . . state-law negligence claims." *Mitchell*, 28 F.4th at 586; *accord Perez v. Southeast SNF, L.L.C., et al.*, 2022 WL 987187, at *2 (5th Cir. 2022) (per curiam) ("this court determined in *Mitchell* that the PREP Act 'does not completely preempt . . . state-law negligence claims.'"). The Fifth Circuit first noted that the Act does not create a cause of action for negligence—only for willful misconduct via the exception to the immunity provision found at 42 U.S.C. § 247d-6e(d)(1)). *Id.* at 586–87. Assuming, without

deciding, that the willful-misconduct cause of action in the Act is completely preemptive, the Court found that the plaintiff could not have brought his claims under that cause of action because he only asserted negligence. *Id.* Second, the Court determined that "the compensation fund that the Act creates is not completely preemptive under [Fifth Circuit] precedents," in part because the fund itself is not a cause of action, nor does it create one. *Id.* at 586. Because "the PREP Act does *not* create a general cause of action that would preempt state-law negligence claims[,]" or "contain a specific jurisdictional grant to the federal courts to adjudicate any such cause of action," the Act could not preempt the plaintiff's claims. *Id.* at 587.

In *Manyweather v. Woodlawn Manor, Inc.*, 40 F.4th 237 (5th Cir. 2022), the Fifth Circuit reaffirmed its holding in *Mitchell* regarding the PREP Act and state-law negligence claims. There, in addition to arguing that the plaintiffs' state-law negligence claims are preempted, the defendant asserted that the plaintiffs pleaded a willful-misconduct claim which is also preempted by the PREP Act. *Id.* at 244. The Fifth Circuit disagreed, finding first that state-law negligence claims are not preempted by the Act pursuant to *Mitchell* and, second, that the petition did not suggest that the plaintiffs "could have brought" or meant to bring a willful-misconduct claim because the claims in the petition sound in negligence. *Id.* at 245. The Court further found that, even assuming the plaintiffs did mean to plead a willful-misconduct claim and that the Act's cause of action for willful misconduct satisfies the requisites for complete preemption, the defendant had not demonstrated that the plaintiffs "could have brought" their willful-misconduct claim under the Act. *Id.* The Court reasoned that the shield from suit or liability that the Act provides is in relation to claims that have a causal relationship with the administration or use of a covered

countermeasure, and the plaintiffs instead assert that the *failure* to use/administer those countermeasures caused their mother's death. *Id.* at 236. Thus, the Fifth Circuit concluded that the Act did not completely preempt the plaintiffs' claims.

Under *Mitchell*, it is clear that the PREP Act does not completely preempt Plaintiff's state-law negligence claims in this case. The question that remains, however, is whether the Act completely preempts Plaintiff's state-law intentional tort claims. Defendants argue that, in pleading her state-law tort claims, Plaintiff makes allegations of willful misconduct which are completely preempted by the Act. While the elements for intentional torts may be broad enough to fit within the "willful misconduct" standard, that does not necessarily mean that Plaintiff "could have brought" a willful-misconduct claim under the Act. Even if we assume that Plaintiff "could have brought" or meant to bring a willful-misconduct claim under the Act, the Act's willful-misconduct cause of action must satisfy the three requirements for complete preemption.[4]

Although the Fifth Circuit has acknowledged that the PREP Act creates a cause of action for willful misconduct, it has reserved the question of whether that cause of action satisfies the requisites for complete preemption. *Manyweather,* 40 F.4th 237, n.6 ("We reserved that question in *Mitchell*, 28 F.4th at 587, and again reserve it here."). Considering the narrow application of complete preemption, we are not convinced that the PREP Act is one of those rare statutes where a federal statutory scheme is so comprehensive that it entirely supplants state-law intentional tort claims.

---

[4] Recall that, to establish complete preemption, Defendants must show: "(1) the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law; (2) there is a specific jurisdictional grant to the federal courts for enforcement of the right;" and (3) there is a clear congressional intent that the federal cause of action be exclusive. *Mitchell*, 28 F.4th at 585 (citing *Gutierrez v. Flores*, 543 F.3d 248, 252 (5th Cir. 2008)).

In conclusion, we find that the PREP Act does not completely preempt Plaintiff's claims. Because Defendants have not carried their burden of demonstrating that removal was proper, this action must be remanded.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that this action is **REMANDED** to the state court from which it was removed for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

August 11, 2022

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE